(January 7, 1988)

■ 61 WEST 62 OWNERS CORP. et al., Respondents, v DOUGLAS ELLIMAN-GIBBONS & IVES, INC., et al., Appellants.—Order, Supreme Court, New York County (Wright, J.), entered May 28, 1986, which determined that the action brought by plaintiffs, 61 West 62 Owners Corp. *et al.*, was commenced prior to the action brought by defendant, Douglas Elliman-Gibbons & Ives, Inc., and consolidated both actions under plaintiffs' caption, unanimously modified, on the law and the facts, to correct the caption of the action to show Douglas Elliman-Gibbons & Ives, Inc. as plaintiff and 61 West 62 Owners Corp. *et al.*, as defendants, and otherwise affirmed, without costs.

Supreme Court based its order consolidating two actions under the plaintiffs' caption, upon its finding that service upon Robert Postal in the action commenced by Douglas Elliman-Gibbons & Ives (DEGI) was completed after service of the complaint in which DEGI was a defendant. In reaching its conclusion the court did not consider that DEGI had accomplished service upon one of the plaintiffs prior to the service of their complaint against it. The record reveals that DEGI had made service upon Carolyn Cohen, a vice-president of 61 West 62 Owners Corp., on December 20, 1985. The order to show cause commencing the action by that corporation and others was served on DEGI on December 30, 1985.

61 West 62 Owners Corp. alleges that Ms. Cohen had resigned as a corporate officer the night before she was served. In this connection it is noted that there is no affidavit from Ms. Cohen, an attorney, attesting to her resignation. The affidavit of the process server who served Ms. Cohen states that she was told that she was being served as an officer of "Owners Corp." and that she did not indicate, in any way, that she was not an officer of that corporation. This is not denied.

We note further that even if we were to assume that the purported resignation had been tendered on December 19, prior to the service upon Ms. Cohen, there would be a serious question of its effectiveness since the offering plan for the cooperative conversion in question provided that officers "will resign in favor of those elected at the first meeting of shareholders". The initial closing of the cooperative took place only on December 17. The offering plan provided that the first meeting of shareholders would take place approximately 30 days after the closing. If sponsors of cooperatives were to be permitted to arrange for resignation of their "captive" desig-

nee as officers, at will, prior to the first meeting of the shareholders, then obtaining jurisdiction over the corporation in order to obtain court-ordered relief during the period between closing and first meeting of shareholders would be needlessly complicated and difficult.

Since DEGI commenced its action first, it should be designated as plaintiff. *(Weiss v City of New York,* 27 AD2d 709 [1st Dept 1967].) Concur—Murphy, P. J., Kupferman, Carro, Milonas and Rosenberger, JJ.